OPINION
{¶ 1} Defendant, Darryl Simpson, entered a plea of guilty to one count of burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree. As part of the plea agreement, the State agreed to take no position with respect to imposition of community control sanctions instead of *Page 2 
incarceration. The trial court informed Defendant during the plea hearing that the court would consider community control, but that there were no guarantees community control would be ordered. The court additionally informed Defendant that any sentence to community control sanctions could include residential sanctions, including the Monday program, and that Defendant would be screened for that program. The court also stated: "Obviously, if you get accepted into Monday, I will give you that on community control."
 {¶ 2} On January 23, 2008, Defendant appeared for sentencing. Defendant had been approved for the Monday program. The court acknowledged that the presentence investigation report recommended community control, despite a presumption in favor of a prison term for second degree felonies, R.C. 2929.13(D)(1), and that defense counsel requested a sentence of community control with treatment because of the consensus that Defendant's recent drug relapse was a cause of his burglary offense. The following exchange between the trial court and Defendant then occurred:
 {¶ 3} "So, I'm gonna give you the opportunity for Community Control Sanctions but you have to finish the Monday Program, okay? And then you're on supervision after that, so this is really your chance to straighten up or not. *Page 3 
 {¶ 4} "Do you Understand that?
 {¶ 5} "THE DEFENDANT: Uh . . .yeah.
 {¶ 6} "JUDGE GORMAN: Okay. I mean do you wanna do that? I can't read your face. I usually can read people. You look a little annoyed.
 {¶ 7} "THE DEFENDANT: Naw, I'm — I think when you say it — yeah, I'm all right.
 {¶ 8} "JUDGE GORMAN: You okay?
 {¶ 9} "THE DEFENDANT: Yeah, I'm fine.
 {¶ 10} "JUDGE GORMAN: You got a problem with Monday?
 {¶ 11} "THE DEFENDANT: Yes, it's a kids' camp.
 {¶ 12} "JUDGE GORMAN: No, It's not.
 {¶ 13} "THE DEFENDANT: Yes, it is. Kiddie camp.
 {¶ 14} "JUDGE GORMAN: Well, you can go to big people's prison if you like.
 {¶ 15} "THE DEFENDANT: Been there.
 {¶ 16} "JUDGE GORMAN: Mmm?
 {¶ 17} "THE DEFENDANT: Been there.
 {¶ 18} "JUDGE GORMAN: I mean, if you don't wanna do Monday, that's fine. I'll send you to prison. Is that what you want?
 {¶ 19} "THE DEFENDANT: It don't even matter right now. *Page 4 
 {¶ 20} "JUDGE GORMAN: Okay then.
 {¶ 21} "In considering the Purposes and Principles of Sentencing in the Ohio Revised Code Section 2929.11 and the Seriousness and Recidivism Factors in Ohio Revised Code Section 2929.12, the Court sentences you to the Ohio Department of Rehabilitation and Corrections for three years. Credit all time served." (Sentence, T. 1-3).
 {¶ 22} Defendant timely appealed to this court from his conviction and three year sentence. Defendant's appellate counsel filed a brief pursuant to, Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,19 L.Ed.2d 493, stating that he could find no meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record. Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346,102 L.Ed.2d 300.
 {¶ 23} Defendant's appellate counsel has identified one possible issue for appeal.
ASSIGNMENT OF ERROR
 {¶ 24} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR OR ABUSED ITS DISCRETION WHEN IT SENTENCED THE APPELLANT INSTEAD OF PLACING HIM ON COMMUNITY CONTROL." *Page 5 
 {¶ 25} Defendant's appellate counsel argues that the trial court should have placed Defendant on community control, rather than sentencing him to a three-year prison term, because the trial court induced Defendant's guilty plea by promising that if he was accepted into the Monday program, the court would place him in that program as part of community control.
 {¶ 26} A review of this record affirmatively demonstrates that despite the presumption in favor of a prison term for this offense and Defendant's prior felony conviction, the trial court was willing and even attempted to impose the sentence it said it would impose during the plea hearing: community control, with completion of the Monday program as a condition. Defendant, in a self-destructive move of stunning proportions, rejected the Monday program.
 {¶ 27} The appellate court's standard of review when examining felony sentences is an abuse of discretion, State v. Cline, Champaign App. No. 07CA02, 2008-Ohio-1866. An abuse of discretion means more than just a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court.State v. Adams (1980), 62 Ohio St.2d 151.
 {¶ 28} After Defendant expressed opposition and an *Page 6 
unwillingness to complete the residential Monday treatment program that would be a part of his community control sanctions, the trial court sentenced Defendant to a three year prison term, which is at the low end of the two to eight year authorized range of punishments for felonies of the second degree. R.C. 2929.14(A)(2). Clearly, there was no "abuse of discretion" on the part of the trial court. There is no arguable merit in this assignment of error.
 {¶ 29} In addition to reviewing the possible issues for appeal raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.
BROGAN, J. And DONOVAN J., concur.
Copies mailed to:
 Hon. Barbara P. Gorman *Page 1